**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

THELRON COLEMAN,                    *

           Petitioner,          *

                                             CASE NO. 5:09-CV-90063 HL

vs.                                              *          28 U.S.C. § 2255
                                             CASE NO. 5:94-CR-4 HL

UNITED STATES OF AMERICA,          *

           Respondent.          *

## REPORT AND RECOMMENDATION

Petitioner Coleman's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Thelron Coleman was indicted in this court on January 14, 1994, for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e).  (Doc. 1).  A superseding Indictment of June 23, 1994, charged four additional offenses not in contention here. (Doc. 11). After extensive trial preparations, Coleman entered into a Plea Agreement with the Government and pled guilty to Possession of a Firearm by a Convicted Felon as charged in Count I of both Indictments. (Docs. 53, 54).   A sentence of life imprisonment was rendered Judgment in his case on September 5, 1995. (Doc. 58).  On March 26, 1997, the  United States Court of Appeals for the Eleventh Circuit affirmed the District Court's conviction and sentence as to Count I, after independent review of the entire record in Coleman's case. *United States v. Coleman,* (11th Cir. No. 95-9157); (Doc. 69). Coleman did not apply to the Supreme Court for certiorari.  His federal sentence, therefore, became

final, 90 days after March 26, 1997[1], to wit, on June 28, 1997.

### Petitioner's § 2255 Motion To Vacate, Set Aside, or Correct Sentence

On September 14, 2009, Petitioner Coleman filed a first collateral attack of his conviction via Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (Doc. 73).  Rule 2 of the Rules Governing Section 2255 Proceedings For The United States District Courts, provides that, "The motion must *substantially follow* either the form appended to these rules or a form prescribed by a local district-court rule."[2] Petitioner's Attorney, however, has not substantially followed the form, having omitted the TIMELINESS OF MOTION question as required at section 18 of the standard form, to wit:

> If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.

Counsel states at ¶¶ 15 and 16, page 11 of Petitioner's Motion, only that, " ... Petitioner had a lengthy state sentence to serve prior to even beginning his federal sentence.  . . . Petitioner was released from state custody into U.S. Bureau of Prisons custody on September 15, 2008."  Counsel adds in the initial paragraph at page 6 of the Petition For Relief Under 28 U.S.C. § 2255 (Doc. 73) that, "This court has jurisdiction over this matter pursuant to the statutory provision and because Petitioner is presently in federal custody... ."

"The statutory provision" referenced above is presumed to be § 2255(a), which  provides:

---

[1]Supreme Court Rule 13.3 provides that "a petition for a writ of certiorari to review a judgment in any case entered by . . .  a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

[2]The Middle District of Georgia has no local rule prescribing the form of a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.§ 2255.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

From that presumption, it is further surmised that the operative part of that paragraph, for Petitioner's purposes, is, *"A prisoner in custody under sentence of a court established by Act of Congress,"* from which Petitioner apparently draws the conclusion that the language of § 2255(a) *et seq.,* can only apply to prisoners incarcerated in federal institutions serving federal sentences, with the further extrapolation, therefrom, that the 1996 enactment of the Antiterrorist and Effective Death Penalty Act (AEDPA), particularly its one-year statute of limitations provided in § 2255(f), would not apply until the petitioner actually began serving a consecutive federal sentence, after completing service of an antecedent state sentence. Petitioner's tacit contention, that the AEDPA's one-year statute of limitations does not begin to run until a defendant under federal sentence is actually in federal custody under that federal sentence, is simply not the law in the United States Court of Appeals for the Eleventh Circuit or elsewhere.

Federal Procedure, Lawyers Edition, 16A Fed. Proc., § 41:413 provides:

### Standing to obtain relief – Applicant currently in state custody

> A prisoner is in custody for the purposes of 28 U.S.C. § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him. *Espana v. United States,* 386 F.3d 750 (6th Cir. 2004). Thus a prisoner may attack a federal sentence which is scheduled to be served in the future even if the prisoner is currently in state custody. *Jackson v. United States,* 423 F.2d 1146 (8th Cir. 1970); *Simmons v. United States,* 437 F.2d 156 (1971). Specifically, under the 28 U.S.C.A. § 2255 Rules, a motion to vacate under 28 U.S.C. § 2255 is available to, inter alia, a person in custody under a judgment of a state court, and subject to future custody under a judgment of the district court, who seeks a determination that future

3

custody under a judgment of the federal district court would violate the Constitution or laws of the United States.

The District Court's Judgment of conviction dated September 5, 1995, states:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the defendant's life w/o parole. Sentence to be served ***consecutively*** to State sentences now serving. (Doc. 58) (emphasis added).

## The AEDPA Statute of Limitations - § 2255(f)

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
**(1)** the date on which the judgment of conviction becomes final;
**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Coleman's federal conviction and sentence became final on June 28, 1997, and was, therefore, at all times subject to the AEDPA one-year statute of limitations enacted effective April 24, 1996, Pub. L. 104-132, 110 Stat. 1217, 1220. Finality of conviction has always been the triggering event for the running of the one-year period of limitations for § 2255 Motions. In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.*'" In *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003), the Supreme Court held that, for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.

4

"Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay,* 537 U.S. at 527, 123 S.Ct. at 1076.

Petitioner Coleman was, therefore, in custody for the purposes of § 2255 while incarcerated under his State sentence, after his federal sentence was entered as Judgment on September 5, 1995. In *Simmons v. United States,* 437 F.2d 156, 158-59 (5th Cir. 1971), [3] the Court found that:

> In 1968, the Supreme Court overruled *McNally v. Hill,* [293 U.S. 131, 55 S.Ct. 29 (1934)], and held that a "prisoner serving consecutive sentences is *in custody* under any one of them for the purposes of section 2241(c)(3)." *Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 1556 (1968). The chief reason the Supreme Court gave for abandoning the prematurity doctrine of McNally was that "postponement of the adjudication of (the issues raised in motions for post-conviction relief) can harm both the prisoner and the State and lessens the probability that final disposition of the case will do substantial justice." 391 U.S. at 62, 88 S.Ct. at 1553. Moreover, the Court felt that "nothing on the face of 2241 militates against an interpretation which views (prisoners) as being 'in custody' under the aggregate of the consecutive sentences imposed on them." 391 U.S. at 64, 88 S.Ct. at 1555. . . .
>
> Clearly, the same considerations respecting the undesirability of postponing determination of the issues apply to section 2255 as apply to habeas corpus. . . . We do not believe, however that the "right to release" clause [of § 2255 (a)] need be construed as requiring that the prisoner immediately be "set outside the prison's walls free of the restraint." *Rowe v. Peyton,* 383 F.2d 709, 719 (4th Cir. 1968). Indeed, a reasonable construction of this clause would be that the prisoner need only be claiming the right to be released from having to serve the future sentence. . . . We conclude, therefore, that a prisoner serving consecutive sentences in 'in custody' under any one of them for the purposes of 2255. (citations omitted).
>
> In the instant case, however, we are confronted with the further

---

[3] The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted, as precedent, decisions of the former Fifth Circuit rendered prior to October 1, 1981.

question whether the prisoner must be in the custody of federal and not state authorities when he is challenging his federal sentence. ... [T]he same principles that persuaded the Supreme Court to overrule *McNally,* and that persuade us here to extend *Peyton v. Rowe,* to section 2255 apply regardless of where the prisoner is incarcerated. Thus there would be no reason to restrict section 2255 to prisoners actually in federal custody.

FN2.  See the language of the First Circuit in *Desmond v. United States Board of Parole,* 397 F.2d 386 (1ˢᵗ Cir. 1968) ("To be sure, defendant is not physically 'in custody under sentence of a court established by Act of Congress', but if custody is to be construed as single and continuous, we may join the courts as well."). 397 F.2d at 389.

We agree with the First and Eighth Circuits' construction of section 2255 and therefore join them in holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future. *See Jackson v. United States,* 423 F.2d 1146, 1149 (8ᵗʰ Cir. 1970).

*See United States v. Bustillo,* 31 F.3d 931, 933 (10ᵗʰ Cir. 1994) holding that § 2255 is available to a prisoner in state custody attacking a consecutive federal sentence.  *See also United States v. Russell*, 776 F.2d 955,  957 (11th Cir. 1985)(same, quoting *Simmons*).

As noted above, Petitioner Coleman's federal sentence became final on June 28, 1997, and was at all times subject to the provisions of 28 U.S.C. § 2255, particularly its one-year statute of limitations as contained in 28 U.S.C. § 2255 (f), enacted effective April 24, 1996.   Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, therefore, could only have been timely filed on or before June 28, 1998.  His filing on September 14, 2009, was beyond the statute of limitations by more than eleven years and two months.

Petitioner Coleman's Motion  presents complaints of ineffective assistance of counsel, particularly that he was given incorrect advice by his trial/plea, and appellate attorney. However, none of these claims effect a tolling of Coleman's one-year statute of limitations.  The Circuit Court in

*Wilson v. Battles,* 302 F.3d 745, 748 (7th Cir. 2002), held that:

> Equitable tolling excuses an untimely filing when a Petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time. *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). . . .   Generally, a lawyer's mistake is not a valid basis for such equitable tolling. *Id.* . . .  Wilson's assertion that his petition was only 19 days late does not lend support to his position; the length of the delay in filing has no bearing on this analysis; equitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing.  See, e.g., *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (refusing to grant equitable tolling when, due to attorney error, petitioner's claim was filed only one day late).

"Attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Howell v. Crosby,* 415 F.3d 1250 (11th Cir. 2005).  An attorney's misinforming petitioner as to the deadline for filing a petition did not constitute "extraordinary circumstances" warranting equitable tolling of the federal habeas corpus statute's limitations period.  *Helton v. Secretary of the Department of Corrections,* 259 F.3d 1310 (11th Cir. 2001).  Our Circuit Court also held in *Steed v. Head,* 219 F.3d 1298 (11th Cir. 2000), that:

> "[A]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling . . . Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." *Id.* at 1300. [FN] *See also Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that counsel's confusion about the AEDPA's statute of limitations does not justify equitable tolling); *Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir. 2000) (same); *Taliani v. Chians,* 189 F.3d 597, 598 (7th Cir. 1999) (holding defense counsel's alleged mistake in calculating the limitations period for filing § 2254 petition did not equitably toll AEDPA one-year statute of limitations).

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Supreme Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle.

> If 1-day late filings are acceptable, 10-day late filings might be equally
> acceptable, and so on in a cascade of exceptions that would engulf the
> rule erected by the filing deadline; yet regardless of where the cutoff
> line is set, some individuals will always fall just on the other side of it.
> Filing deadlines, like statute of limitations, necessarily operate harshly
> and arbitrarily with respect to individuals who fall just on the other
> side of them, but if the concept of a filing deadline is to have any
> content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796.  Petitioner Coleman's Motion To Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 is time-barred by more than eleven years and five

months.  Therefore,  neither his claims of ineffective assistance of counsel at trial/plea or on  appeal,

nor any other time-barred claims,  can  be reviewed by this court.

  **WHEREFORE, IT IS RECOMMENDED** that Petitioner Coleman's Motion be summarily

DISMISSED as barred by the AEDPA statute of limitations pursuant to Rule 4(b), Rules Governing

Section 2255 Motions in the United States District Courts.  Pursuant to 28 U.S.C. § 636 (b)(1),

Petitioner may serve and file written objections to this Recommendation with the UNITED STATES

DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

  **SO RECOMMENDED** this 21st day of September 2009.

         **S/G. MALLON FAIRCLOTH**
         **UNITED STATES MAGISTRATE JUDGE**