IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THELRON COLEMAN,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 5:09-CV-90063 (HL)<br>28 U.S.C. § 2255<br>CASE NO. 5:94-CR-4 |

# ORDER

This case is before the Court on the Report and Recommendation (Doc. 75) ("R & R") of United States Magistrate Judge G. Mallon Faircloth on Petitioner Thelron Coleman's Petition for Relief Under 28 U.S.C. § 2255 (Doc. 73). The R & R recommends denying the petition as being time-barred. Coleman has filed an objection (Doc. 76). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Coleman's objection, and has made a *de novo* review of the portions of the R & R to which Coleman objects.

After pleading guilty to one count of possession of a firearm by a convicted felon, Coleman was sentenced to life imprisonment. On September 5, 1995, judgment was entered on the sentence. The Eleventh Circuit affirmed the conviction and sentence on March 26, 1997. Coleman did not apply to the United States Supreme Court for certiorari. His federal sentence became final on June 28, 1997, ninety days after the Eleventh Circuit's judgment was entered.

Coleman's federal life sentence was to run consecutively to the state sentences he was then serving. According to Coleman's petition, he was released from state custody into federal custody on September 15, 2008. Coleman subsequently filed his § 2255 petition on September 14, 2009.

The basis for the petition is ineffective assistance of counsel. Coleman contends that his trial/appellate counsel was deficient in a number of ways, and claims that his counsel incorrectly advised him that he could not file for federal post-conviction relief prior to entering into federal custody. Coleman argues that he relied on this advice to his detriment, as he did not file a § 2255 motion to vacate until he was transferred into federal custody.

The Antiterrorist and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for § 2255 motions. Pub.L.No. 104-132, 110 Stat. 1214 (1996). Coleman's petition was obviously filed outside the one-year limit, as his federal sentence became final on June 28, 1997, and he did not file the petition until September 14, 2009. He argues, however, that he is entitled to equitable tolling of the statute of limitations because of his attorney's "egregious and incorrect advice," stating that "counsel misadvised Petitioner and his family of the deadline for filing for any federal post-conviction relief from a sentence of life imprisonment without parole." (Doc. 76, pp. 2-3).

The § 2255 statute of limitations may be equitably tolled under certain circumstances. "Equitable tolling is appropriate when a movant untimely files

because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The Eleventh Circuit has repeatedly held, however, that attorney negligence is not a basis for equitable tolling. *See, e.g.,* Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Sandvik, 177 F.3d at 1271-72.

Other circuit courts have routinely reached the same conclusion. For instance, in Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006), the Seventh Circuit held that "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." The court based its determination that attorney negligence is not grounds for equitable relief on the rationale that "attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 967-68 (7th Cir. 2003) (citation omitted). The Third, Eighth, and Ninth Circuits have all held similarly. Merritt v. Blaine, 326 F.3d 157, 169 (3rd Cir. 2003) ("[I]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (citation omitted); Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009) ("[I]neffective assistance of counsel caused by an attorney's negligence or mistake is not considered an extraordinary circumstance for the purposes of

equitable tolling."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's incompetence and "negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling").

Coleman is correct that attorney misconduct going beyond "mere negligence" may constitute an extraordinary circumstance warranting equitable tolling. *See* Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008). The Eleventh Circuit has vacated district court orders dismissing habeas petitions as untimely based on counsel's alleged behavior that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit." Downs, 520 F.3d at 1323; Kicklighter v. United States, 281 Fed. Appx. 926 (11th Cir. June 17, 2008) (unpublished); Hammond v. Frazier, 275 Fed. Appx. 896 (11th Cir. April 30, 2008). In those cases, however, the attorneys were alleged to have blatantly lied to their clients about material issues such as whether an appeal had been filed or whether a habeas petition had been filed. The Downs court specifically noted the attorney's affirmative misrepresentation as a critical factor in finding that the petitioner sufficiently alleged extraordinary circumstances beyond his control. Downs, 520 F.3d at 1325.

On the other hand, when the Eleventh Circuit considered a pure professional negligence case, it declined to extend Downs. In Holland v. Florida, 539 F.3d 1334 (11th Cir. 2008), the petitioner alleged that during post-conviction proceedings, his appointed counsel failed to communicate with him on the status of his case and failed to file a federal habeas petition despite repeated instructions to do so. Id. at

4

1339. The court compared the petitioner's allegations to those made in the Downs case, and noted that the petitioner made no allegation of knowing or reckless factual misrepresentation or of lawyer dishonesty. Finding the cases distinguishable, the court held,

> We will assume that [counsel's] alleged conduct is negligent, even grossly negligent. But in our view, no allegation of lawyer negligence or of failure to meet a lawyer's standard of care -- in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part -- can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling. Pure professional negligence is not enough.

Id.

Assuming Coleman's allegations are true, his counsel gave him incorrect advice about when Coleman would be able to seek federal habeas relief. Bad advice, however, does not meet the Eleventh Circuit's high standard for equitable tolling. This Court is bound by Holland, and is compelled to dismiss Coleman's petition as untimely.

"[P]ermitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." Arrieta, 461 F.3d at 867 (citation and internal quotation marks omitted). The Magistrate Judge was correct in his determination that Coleman's petition is barred by the AEDPA statute of limitations and is not subject

to equitable tolling.  Thus, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The R & R (Doc. 75) is adopted and made the order of this Court.  Coleman's Petition for Relief Under 28 U.S.C. § 2255 (Doc. 73) is dismissed.

     **SO ORDERED**, this the 21st day of October, 2009.

                                          *s/   Hugh Lawson*
                                          **HUGH LAWSON, SENIOR JUDGE**

mbh